REGAN, Judge.
This case is before us on appeal for the second time. The subject matter of the present litigation involves the partition of the community of acquets and gains which formerly existed between the litigants herein.
After the initial trial in the lower court, the case was appealed to us and we rendered an opinion reversing the lower court’s judgment in part and remanding the matter for determination of three specific issues. In order to properly understand this case, our original opinion should be read in detail in 200 So.2d 901. Writs were applied for by the plaintiff, Yvonne Fortier, but they were refused on the hypothesis that the judgment of this court was not final since it involved a remand. However, the Supreme Court reserved Mrs. Fortier’s rights to reurge the issues presented in her application for writs.[1]
To reiterate, in our original opinion, we remanded this matter to the district court for the purpose of adducing evidence in connection with three issues. First, the lower court was instructed to hear evidence in order to substantiate or disprove the husband’s claim that he gave his wife one-half U/Í2ths of his 1959 income. The second issue remanded for trial was whether a profit of $2,191.37 earned by Fortier in a j oint real estate venture was included in his calculation of 1959 income. Finally, the third issue which we ordered the lower court to determine was whether Mrs. For-tier received one half of the uA2ths of the profits emanating from her husband’s mortgage business.
The lower court against tried the foregoing issues submitted to it on their merits, and rendered judgment thereon in favor of the husband and against the wife. From that judgment, Mrs. Fortier has prosecuted this appeal.
The trial judge made a thorough analysis of the facts relevant to the three issues remanded to him in his written reasons for judgment, which in our opinion fully encompass both facts and the law posed for our consideration, and the result which we have agreed should be reached. We therefore adopt this opinion as our own.
“This suit to partition the Community existing between Mr. and Mrs. Fortier is the result of a Judgment of Separation from Bed and Board rendered on November 25, 1959 (and a divorce decree rendered on January 27, 1961, based upon the Judgment of Separation).
“This Court tried many of the issues which were presented in connection with the partition of the Community, and rendered Judgment on April 25, 1966, and a ‘final judgment’ in connection therewith on July 15, 1966, at which time a Notary Public was appointed by this Court to affect the partition.
“The Notary Public filed his proces verbal, and it was opposed by Mrs. Fortier. The opposition was dismissed by this Court, and the proces verbal was ordered homol-ogated by Judgment of this Court dated December 2, 1966.
“An appeal was taken by both Mr. and Mrs. Fortier from the Judgment of April *655 25, 1966, and July 15, 1966, and/or the Judgment of December 2, 1966. On June 5, 1967, the Court of Appeal, Fourth Circuit, rendered a Judgment from which Writs to the Supreme Court were subsequently taken and denied by that Court.
“It is the opinion of this Court that all of the issues in connection with the partition were resolved by the Judgment of the Court of Appeal (notwithstanding that there was a dissenting opinion rendered therein), with the exception of the issues referred to as ‘items 2, 3 and 6’. As to these three items, the Court of Appeal distinctly stated:
‘That the trial Court’s rulings on items 2, 3 and 6, discussed in the above opinion, be set aside, and as to those items the case is remanded for further hearing thereon and for the reception of whatever additional evidence the parties see fit to introduce, the trial Court being instructed, after hearing such evidence and considering the evidence already adduced, to render such judgment on each item as is proper.’
“After the remand of the case, and the case having been duly fixed for trial, counsel for Mrs. Fortier has sought to introduce evidence with reference to the matter which the Court of Appeal firstly discussed in its judgment (indicated as (1) in said opinion) and which subject matter also formed the basis of the dissenting opinion. This Court, being of the opinion that the subject matter is res judicata, ruled that such evidence was inadmissible. However, over the objection of counsel for Mr. Fortier, the evidence has been introduced as a proffer and as part of an exception to the Court’s ruling holding that the evidence is inadmissible.
“As pointed out by the Judgment of the Court of Appeal, the 1959 income tax of Mrs. Fortier was not in evidence. The same has now been introduced in evidence, and therefore both of the 1959 income tax returns of Mr. and Mrs. Fortier are now before the Court.
“Counsel for Mr. Fortier argues that since the husband is head and master of the Community he had the right to use Community funds as he saw fit prior to the rendition of the Judgment of Separation, and therefore the husband should not have to account therefor. This Court rejects counsel’s argument. While it is true that during the existence of the Community the husband does not have to actually give any portion of the Community income to his wife, once the Community is dissolved he is required to account to his wife for the Community income in order to show what the Community consists of in order to arrive at the amount which each party should receive from the partition.
“In view of the evidence introduced on the trial of the matter after having been remanded, this Court is convinced that the amount of income shown on the respective returns of both Mr. and Mrs. Fortier does include the profit from the mortgage business and the $2,191.37. Therefore, the issues involved in connection with items ‘3’ and ‘6’ of the Court of Appeal’s opinion are, as far as this court is concerned, now determined.
“The sole question remaining for the determination of this Court is whether Mrs. Fortier actually received the income which she reported as her income for the year 1959. As stated above, Mrs. Fortier’s 1959 separate income tax return is now in evidence. It shows that her taxable income for the year was $22,992.71. Mr. Fortier’s taxable income for the year was $24,237.34 (Mr. Fortier’s return being for twelve months — while Mrs. Fortier had no income for December, 1959, and, hence her return actually covered only the eleven month’s income, during which the Community existed).
“While Mr. Fortier has not conceded the fact, the evidence clearly establishes that Mrs. Fortier did not receive any of the $22,992.71 which she reported as her 1959 income. During the marriage the only monies she received were monies given to *656 her by Mr. Fortier for household expenses, and after the divorce proceedings were instituted during the middle of the year all Community funds were frozen by injunction and the only amounts which she received were the alimony payments made to her by Mr. Fortier.
“It was therefore incumbent upon Mr. Fortier to show what was done with the $47,230.05 of income which is the total of the income tax returns of Mr. and Mrs. Fortier.
“It is contended that the filing of the separate returns of Mr. and Mrs. Fortier was made necessary by the ruling of the Internal Revenue Department, and evidence to substantiate this contention is in evidence under a proffer (an exception having been made as to the type of evidence sought to be introduced to prove this point). It is this Court’s opinion that it is not material whether a joint or separate return was filed, because as stated hereinabove, it is a fact, clearly established by the evidence, that Mrs. Fortier did not actually receive the amount for which the return was made on her behalf.
“As pointed out hereafter, Mrs. Fortier obviously received some of the benefit from the 1959 Community income as a portion thereof was used to pay community debts, and, hence, increased the value of the Community to be ultimately divided. However, Mrs. Fortier did not personally receive any of the taxable income in the form of cash. It is Mr. Fortier’s contention that although, for tax purposes, it was necessary to show that the taxable income of the Community and his income for the 12th month of the year totalled $47,230.05, the facts are that at the end of 1959 the Community was actually unable to pay the income tax due on the taxable income, the entire income being used either for living and operating expenses of the Community or for Community debts and obligations, some of which did inure to Mrs. Fortier’s benefit. This situation is clearly understandable. Many taxpayers (including both lawyers and judges) are required to pay taxes on their respective taxable income, yet find that after paying normal living expenses must borrow cash with which to pay the taxes due on the taxable income.
“It is nevertheless incumbent upon Mr. Fortier to show what was done with the $47.230.05 of income, which was the total of the taxable income of both Mr. and Mrs. Fortier, as shown by their respective 1959 income tax returns.
“Included in the $47,230.05, and hence in the amount of $22,992.71 shown on Mrs. Fortier’s return, is the income from the joint venture in which Mr. Fortier was engaged with a Mr. Schiro. The joint venture was apparently operated through a corporation, but the corporation was for tax purposes operated under that provision of the Internal Revenue Code which permits the corporation to be treated as a partnership for tax purposes, each partner being required to account for one-half of the profits, there being in this case only two partners.
“The evidence now shows that the corporation’s profit was $32,287.96, and Mrs. Fortier’s return accounts for 1/2 of 1:Ü2ths of that sum. Mr. Fortier has shown that only $5,750.00 of the profit was actually received in cash by him, and that $29,567.87 was used to retire community obligations, paying sums to Mr. Schiro in liquidation of amounts owed to him for the Community’s interest in the joint venture, and retiring other mortgages on properties owned by the Community, and paying income taxes of $3,303.46 due for the year 1958.
“It might be noted at this point that the total sum of the $5,750.00 and the $29,567.-87 is in excess of the $32,287.96 profit. The reason why Mr. Fortier was able to draw a sum in excess of the Yz of the joint venture’s profit was because his capital account in the joint venture at the beginning of 1959 was $5,567.92, so that at the end of 1959 there was still a credit to his capital account of $2,591.21 which would form part of the Community. However, Mr. Fortier *657 contends that this sum was carried over into 1960 and 1961, and that monies on deposit in the Registry of the Court are the proceeds of the distribution by the joint venture, and the record in the proceedings, already in evidence, would bear this out.
“It is therefore incumbent upon Mr. Fortier to account for the $2,720.00 (being the balance of the $5,750.00 cash received and not accounted for as stated above) and for the difference between the income of $47,230.05 and the $35,318.87 referred to above, making a total of $14,631.18.
“Mr. Fortier has referred to exhibits already in the record which show that he expended a total of $16,470.88, all of which he contends were for Community obligations, and the only remaining question for the Court’s determination is whether these items do represent Community obligations.
“The Court has carefully examined the various checks and statements which were introduced in evidence on the original trial of this matter before the Court, and has further heard the testimony of Mr. Fortier, both on direct examination and cross examination, on this point, and the Court is now satisfied that the statements and checks is (sic) support thereof do show that Mr. Fortier did expend the $16,470.88, less such sums as were paid for alimony, on behalf of the Community, and that his contention this was not any part of the total 1959 taxable income in which Mrs. Fortier did not share, either as wife in Community, prior to the separation, or as beneficiary of the enhancement in value of the Community by reduction of its indebtedness. There are some items shown on the statements which represent cashed checks, cashed by Mr. Fortier. These appear to total only $1,370.-00 and were all cashed prior to the end of the first three months of 1959 and were obviously used for Community purposes, but even if used for Mr. Fortier’s personal use, the total accounted for exceeds the $14,631.-18 by some $1,800.00.
“For the reasons hereinabove set forth it is now the Judgment of this Court that:
“(1) The item of $2,191.37 referred to as item ‘3’ in the opinion of the Court of Appeal was included in the amount of taxable income shown on the income tax returns of Mr. and Mrs. Fortier for the year 1959, and, accordingly, this sum should not be included as a part of the Community to be partitioned, or as an obligation of Mr. Fortier to be returned to the Community.
“The Court having found that:
“(2) The item of $2,561.17 referred to by the Court of Appeal as item ‘6’ was accounted for by Mr. Fortier, and that Mrs. Fortier received the benefit of a like sum by the enhancement of the Community to the extent of the whole (twice $2,561.17), the proces verbal of the said Notary Public should be amended to eliminate this item as one chargeable to Mr. Fortier.
“The Court having found that:
“(3) Mrs. Fortier did receive the benefit of the amount of taxable income shown on her separate income tax return for the year 1959, either as the wife of Mr. Fortier while living with him, or as the beneficiary of the enhancement in value of the Community to be partitioned, no part of such income should be charged to Mr. Fortier in partitioning the Community.
“(4) That the proces verbal of the Notary Public be amended in accordance with the Judgment of the Court of Appeal, Fourth Circuit, dated June 5th, 1967, and as set forth hereinabove in (1), (2) and (3), and, as so amended, the same is hereby Homologated.”
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff, Mrs. Jacques Fortier, is to pay all costs of this appeal.
Affirmed.

. 251 La. 59, 202 So.2d 661 (1967).