334 So.2d 719 (1976)
Chalin O. PEREZ
v.
Mary Ellen Sheehan, wife of Chalin O. PEREZ.
No. 7689.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1976.
Rehearing Denied July 29, 1976.
*721 Provensal & Fitzmaurice, Sidney W. Provensal, Jr., New Orleans, for plaintiffappellee.
Tucker, Schonekas & Garrison, Gibson Tucker, Jr., New Orleans, for defendantappellant.
Before GULOTTA, STOULIG and MORIAL, JJ.
GULOTTA, Judge.
The husband was granted a judgment of separation on November 24, 1974, on the ground of the defendant-wife's abandonment. Thereafter, a judgment of divorce was granted to the husband based on the fact that he and his wife had been living separate and apart for one year, without reconciliation, following the judgment of separation. The wife appeals. We affirm.
Defendant asserts three assignments of error on appeal. The first is that the petition for divorce is a supplemental petition, asserting a cause of action which has become exigible since the date of the filing of the original petition. According to defendant, LSA-C.C.P. art. 1155[1] required plaintiff, upon motion, reasonable notice and contradictory hearing to obtain a court order permitting the filing of the supplemental petition. Such an order was not obtained in the instant case. Defendant further contends that if the petition for divorce is not a supplemental petition, but a demand for a separate unrelated cause of *722 action, i.e., a divorce, plaintiff is required to file a new suit, bearing a new number and requiring allotment. Defendant contends that in either case, whether the petition for divorce is a supplemental petition, or a new petition asserting a new cause of action, plaintiff utilized improper procedure. According to defendant, plaintiff neither obtained an order permitting the filing of a supplemental petition, nor filed the divorce in a separate proceeding.
Defendant's second assignment of error is that the trial judge erred in maintaining plaintiff's exception of no right or cause of action to defendant's demand that she be permitted to offer evidence in the divorce proceedings on her freedom from fault. Defendant acknowledges that our Louisiana Supreme Court in Fulmer v. Fulmer, 301 So.2d 622 (La. 1974), concluded that a determination of fault in a separation proceeding bars relitigation of the fault issue in a subsequent divorce proceeding when the final divorce is sought on the basis of the parties living separate and apart for one year, without reconciliation, following the judgment of separation. However, it is defendant's contention that the Constitution of 1974, effective as of December 31, 1974,[2] provides for equal protection and no discrimination based on sex. Defendant claims that on December 31, 1974, LSA-C.C. arts. 39[3] and 120[4] assumed a new posture under our law. According to defendant, these articles can serve only as a vehicle for the granting of a separation based on abandonment, but cannot serve as the basis for forfeiture of a spouse's property rights, i.e., the right to claim alimony.
Defendant's third specification of error is that the trial judge erred in maintaining the husband's exception of no cause of action to the wife's request for an increase in the amount of her monthly allowance from $3,000.00 to $5,000.00, payable from the proceeds of the community and remaining in effect until a full settlement of the community has been made. It is defendant's contention that in plaintiff's motion to terminate alimony, filed in the separation proceeding, plaintiff acknowledged that the community has and continues to have considerable income, one half of which belongs to defendant, and that the community income is more than adequate to allow plaintiff to pay to defendant the sum of $3,000.00 per month from defendant's share of the community income.

PROCEDURE
Defendant's contention that plaintiff's petition for divorce was a supplemental petition, requiring plaintiff, upon motion and reasonable notice, to obtain a court order permitting the filing of the divorce petition, is without merit. The petition for divorce is not a supplemental petition which is related to or connected with the original cause of action. The original demand is for a separation based on abandonment. The demand for divorce is a new and separate cause of action.
In Wallace v. Hanover Insurance Company of New York, 164 So.2d 111 (La.App.1st Cir. 1964), writ refused, 246 La. 598, 165 So.2d 486 (1964), the court concluded that the insurer's defense of "false swearing", sought to be raised by a supplemental *723 answer, was improper because it did not relate back to the defense filed in the original answer and was filed without reasonable notice to the opposing party. However, in defining a supplemental pleading, the court stated:
"A supplemental pleading is one which supplements, adds to or continues the original pleadings. * * *
". . . the supplemental pleading cannot be used to assert a new cause of action or defense. * * *"
Applying Wallace, supra, to the facts in the instant case, we conclude that the petition for divorce is not a supplemental petition, and LSA-C.C.P. art. 1155 is not applicable.
It is true that under ordinary circumstances, since the petition for divorce is a new and separate cause of action, plaintiff would be required to file the divorce suit in a separate proceeding, bearing a separate number and requiring allotment. In this connection, plaintiff claims that the Civil District Court for the Parish of Orleans, the 24th Judicial District Court and the 25th Judicial District Court all have adopted court rules permitting the filing of a divorce suit, based on a legal separation, in the same proceeding in which the separation suit was filed. However, the court rules were not placed in evidence in the instant matter, and we are unable to take judicial cognizance of them. Trahan v. Petroleum Casualty Company, 250 La. 949, 200 So.2d 6 (1967).
Nevertheless, as any practicing attorney recognizes, it is customary that a petition for divorce, based upon a judicial separation, be filed in the original proceeding. Though we are unable to take judicial cognizance of the court rules, we can appreciate the logic behind the adoption of such a rule. Understandably, in cases involving marital disputes, it is a far better practice for the judge who heard the separation suit and ancillary matters connected with the separation, i.e., alimony and custody, to also consider the divorce action based upon the judgment of separation. Presumably, that judge is familiar with the matters with which he had been confronted in the separation proceeding.

RELITIGATION OF FAULT
We also find no merit to defendant's contention that the denial by the trial court of Mrs. Perez's demand to relitigate the fault issue is violative of the equal protection and sex discrimination provisions of the Louisiana Constitution of 1974.[5] The Louisiana Supreme Court in Fulmer, supra, stated:
". . . that the judicial determination, in the separation proceeding, of the party at fault in the separation bars relitigation, in the subsequent divorce proceeding, of the fault which caused the separation, when such need be determined for the purpose of awarding post-divorce alimony under the code article. * * *"
The Fulmer decision applies equally to the husband and to the wife. We conclude that the 1974 Constitution does not affect the result reached in Fulmer, and that Fulmer is not violative of the provisions of the 1974 Constitution.
Furthermore, even if LSA-C.C. arts. 39 and 120 have new meanings under *724 the 1974 Constitution, as claimed by defendant,[6] the Constitution, effective December 31, 1974, can have no retroactive effect on a judgment rendered prior to the effective date.[7] Additionally, we point out that no appeal was taken from the judgment of separation, based on abandonment, and the judgment is now final. Defendant, in effect, by this appeal, seeks to set aside the effect of the separation decree from which no appeal has been taken.
DEMAND FOR MONTHLY ALLOWANCE INCREASE
Finally, we reject defendant's contention that the trial judge erred in dismissing, on exceptions, defendant's request for an increase in the amount of the monthly allowance to be paid to Mrs. Perez from the proceeds of the community. The trial judge properly held that the question of community income was pending in a separate suit for partition of the community assets.
Questions involving the status of the property, i.e., whether separate or community, and the accounting of community income lie within the ambit of the partition proceedings.[8] Logically, if no determination has been made as to which property is separate and which property is community, no determination can be made as to the amount of community income to which each party is entitled. This question is more properly considered in the partition proceedings.
Furthermore, it is true, as contended by defendant, that plaintiff did enter into a joint motion agreeing to pay the wife the sum of $3,000.00 per month, payable from the wife's share of community income, and stated that the community income was "more than adequate" to allow Perez to pay to his wife the stipulated amount from her share of the community income. However, the joint motion does not state that the wife's share of the community income is sufficient to allow payment of $5,000.00 per month.
We point out also that the $3,000.00 monthly allowance is not alimony pendente lite. It is, according to the joint motion and order, an advance to Mrs. Perez from her share of the community income. Therefore, although the divorce decree is silent on payment of alimony or payment of the monthly allowance, the obligation for payment continues after divorce. Presumably, the amount of income to be derived by both parties from the community assets will be finally determined in the partition proceedings. Under the circumstances, we conclude the trial judge properly maintained the exception to defendant's demand for an increase in the monthly allowance in the divorce proceeding.
Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 1155 reads as follows: Art. 1155. Supplemental pleadings

"The court, on motion of a party, upon reasonable notice and upon such terms as are just, may permit mover to file a supplemental petition or answer setting forth items of damage, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein."
[2] The separation decree was granted on November 29, 1974. The petition for divorce was filed on December 1, 1975, and the judgment of divorce was rendered on January 15, 1976.
[3] LSA-C.C. art. 39 reads as follows:

Art. 39. Married women; minors and interdicts
"Art. 39. A married woman has no other domicile than that of her husband; the domicile of a minor not emancipated is that of his father, mother, or tutor; a person of full age, under interdiction, has his domicile with his curator."
[4] LSA-C.C. art. 120 reads as follows:

Art. 120. Obligation of living together
"Art. 120. The wife is bound to live with her husband and to follow him wherever he chooses to reside; the husband is obliged to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition."
[5] Art. 1, § 3 of the Louisiana Constitution of 1974 provides:

§ 3. Right to Individual Dignity
"Section 3. No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime."
[6] See Welsh v. Welsh, 322 So.2d 352 (La.App.4th Cir. 1975), affirmed, 325 So.2d 604 (La.1976).
[7] The judgment of separation was granted on November 29, 1974. See Louisiana Constitution of 1974, Art. 14, § 26.
[8] Gouaux v. Gouaux, 211 So.2d 97 (La.App.1st Cir. 1968); LSA-C.C. art. 2406; Butler v. Butler, 228 So.2d 339 (La.App.1st Cir. 1969); Fortier v. Fortier, 221 So.2d 653 (La.App.4th Cir. 1969), writ refused, 254 La. 292, 223 So.2d 412 (1969).