GUIDRY, Judge.
This is a suit for separation, based upon abandonment and cruel treatment, and for alimony pendente lite, filed by Patricia Lee Gardner Morgan, against Bob Wilson Morgan, Jr. The defendant reconvened, alleging cruel treatment on the part of the plaintiff in causing the separation. On November 29, 1983, the trial court granted the separation based upon the fault of both parties. Plaintiff was granted $250.00 per month alimony pendente lite. Plaintiff appeals.
The parties were married in 1965 in Oklahoma. In 1972, using funds acquired from the defendant’s work as a long-haul truck *898 driver, they purchased “Old Yeller Marina” near Zwolle, Louisiana. Marital discord, comprised of arguments and mutual recriminations, commenced prior to their moving to Louisiana and continued until their ultimate separation. This disharmony was exacerbated by strained relations between the defendant and the plaintiff's son. In 1980, Bob was forced to return to the long-haul trucking business, since the marina was not sufficiently profitable to ensure a comfortable living. To this end, he purchased a truck and trailer rig. At about this same time, Bob learned that he had prostate cancer, which required surgery and continued treatment. Patricia served as business manager throughout the course of the marriage, and, in addition, managed the marina. On March 6, 1983, defendant left the marital domicile at the marina with a declared intent never to return.
ISSUES
(1) Appellant contends that the trial court erred in assigning fault to both parties; she contends that the fault was assignable solely to the defendant-appellee.
(2) Appellant contends that the trial court’s award of $250.00 per month alimony pendente lite was insufficient based upon the extent of her need and the defendant-appellee’s ability to pay.
TRIAL COURT’S DETERMINATION OF FAULT
The parties’ testimony at trial with regard to the issue of fault was contradictory in many respects. Patricia testified that Bob abandoned her on March 6, 1983, and that she gave him absolutely no cause to do so. She stated that when he came home from his frequent road trips, he refused to speak to her, refused to give her presents on her birthday or on Christmas, and refused to go on vacations which she had planned for them. She further stated that he humiliated her publicly, would not get along with her son, and refused to take her to see her son when he was hospitalized in Texas.
Conversely, Bob testified that he was fully justified in leaving the marital domicile without intent to return, since Patricia had refused to have sexual relations with him since 1979. He denied that he humiliated her publicly, and attributed his poor relationship with her son to his disobedience of parental authority.
Patricia categorically denied withholding sexual relations from Bob and attributed the lack of sexual relations to his impotence occasioned by his prostate cancer. Bob asserted that the decline in their sexual relations began long before his prostate condition arose and denied that this condition caused him to be impotent.
The trial court held that both parties were mutually at fault.
La.C.C. Arts. 138 and 141 state, inter alia:
“Art. 138. Separation from bed and board may be claimed reciprocally for the following causes: ... (3) on account of ... cruel treatment, or outrages of one of them towards the other, if such ... ill treatment is of such a nature as to render their living together insupportable

Art. 141. A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation....”
For a separation based upon mutual fault, the fault of each party must be sufficient, standing alone, to award the other spouse a separation. Langton v. Langton, 442 So.2d 1308 (La.App. 3rd Cir.1983); Watson v. Watson, 442 So.2d 1310 (La.App. 3rd Cir.1983), writ denied, 445 So.2d 450 (La.1984). In addition, the fault must be an independent contributing cause of the separation. Watson v. Watson, supra. Denial of sexual intercourse to one’s spouse, unjustifiably and persistently, constitutes ill treatment within the meaning of La.C.C. Art. 138 and is a legal ground for separation. Taddonio v. Kinney-Taddonio, 428 So.2d 486 (La.App. 4th Cir.1983).
*899 On the issue of fault, the trial judge stated as follows in his written reasons for judgment:
“Constant arguments were chronic between them for some time.
On occasion Mr. Morgan would complete a truck run and arrive back at his base in Lone Star, Texas, and call Mrs. Morgan to come get him. She refused to do this on 3 or 4 occasions and he would remain in Lone Star, sleeping in his truck, until the next trip. This caused needless separations. She was constantly critical of him when they were together. He was also critical of her. He testified that she refused to engage in marital relations with him since October, 1982.
The situation was intolerable for both. Mr. Morgan abandoned her on December 19, 1982, and has not returned.
The facts support that the conduct of each would entitle the other to a legal separation, and accordingly, the Court finds mutual fault.”
We have carefully considered the evidence in this case in light of the rule of appellate review set forth in Canter v. Koehring Company, 283 So.2d 716 (La.1973), and conclude that the trial court did not clearly err in its grant of a separation on the ground of mutual fault.
ALIMONY PENDENTE LITE
The trial court awarded alimony to plaintiff in the sum of $250.00 per month. Plaintiff-appellant contends that the award is insufficient.
The record reflects that Patricia is in control and possession of the Old Yeller Marina, which is free of any liens or mortgages. The marina is not too profitable but it does provide a home and some support for Patricia. In addition, Patricia has some savings and possession and control of a $10,000.00 certificate of deposit. Bob is a long-haul truck driver who owns and operates his own truck. Normally, he clears $1000.00 per month after expenses, which include food and lodging. However, in 1983, he suffered a net loss of some $15,-000.00 due to a plethora of maintenance problems with the truck. He incurs heavy maintenance, repair, fuel, and truck note expenses. Bob also owns a one-half interest in 80 acres of land in Oklahoma, which, in 1982-1983, generated some $2500.00 in mineral royalties, and he owns another mineral interest which generates $100.00 per year royalties. Bob regularly incurs medical expenses as a result of his prostate cancer and other health problems.
La.C.C. Art. 148 states:
“If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.”
Alimony pendente lite is a duty of support one spouse owes the other stemming from the contract of marriage. Arceneaux v. Arceneaux, 426 So.2d 745 (La.App. 3rd Cir.1983). The spouse is entitled to be maintained in the manner accustomed during marriage if the other spouse has the means. The trial court is vested with much discretion in fixing alimony pendente lite, and its determination will not be disturbed absent a clear abuse of this discretion.
In the instant case, it is clear that neither party is in a particularly sound financial condition. The defendant is struggling to keep his business afloat, and any further financial burden would appear unreasonable. While the marina is not too profitable, it, at least, provides Patricia with a home and a reasonably consistent source of income. Under the present award, the financial support provided by the defendant to the plaintiff appears to be the same as before the separation. The award appears to be reasonable. Cf. Harrington v. Campbell, 413 So.2d 297 (La.App. 3rd Cir.1982). No abuse of discretion by the trial court is apparent.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assigned to the plaintiff-appellant.
AFFIRMED.