STOKER, Judge.
Hardy F. Edmiston, Jr. appeals the denial of his rule to terminate alimony penden-te lite.
Hardy and Claire M. Edmiston filed separate separation suits on February 20, 1985 after over 30 years of marriage. The two actions were consolidated.[1] A separation was granted in favor of Mrs. Edmiston on March 25, 1985. Pursuant to stipulations, an order was signed on March 12, 1985 by which Mr. Edmiston was to receive the couple’s substantial oil revenues, deposit half in an escrow account, and retain half to cover operating expenses. A separate judgment dated March 25, 1985 provided that he was to receive a salary of $10,000 per month from a community business, and was to pay $4,000 per month out of his separate funds to his wife in alimony pen-dente lite.
On August 12,1985 Hardy Edmiston executed a document styled “Assignment,” by which he directed the lessees of community-owned oil interests to pay half the proceeds to him and half to his wife. Mr. *300 Edmiston filed a rule to terminate alimony pendente lite the next day, on the grounds that the wife had sufficient income from the royalties for her maintenance.
Mrs. Edmiston countered with a rule for contempt and to enforce the agreement. She charged her husband with violating the earlier judgment by failing to have the oil income paid to them jointly, by failing to pay the alimony pendente lite, by paying his own taxes out of community funds, and by paying other personal expenses out of community funds. To avoid the contempt charges for failure to pay alimony, Mr. Edmiston deposited $4,000 into the registry of the court to cover the amount due for the month of September.
After a hearing, the trial judge determined that Mr. Edmiston’s “Assignment” had been an attempt to partition a part of the community property, and that this “piecemeal partition” was forbidden as a matter of law. It was stipulated that if Mr. Edmiston could use this method of providing his wife with income, the royalty checks, which had ranged from $10,000 to $32,000 per month, would be sufficient for her maintenance. The other issues, including the contempt allegations, were resolved in Mr. Edmiston’s favor.
Mr. Edmiston appeals the trial judge’s denial of his rule to terminate alimony. He asserts that the judge erred in analyzing Mr. Edmiston’s actions as an attempt to partially partition the community, when in fact he was only facilitating payment to his wife of half the royalties, which was admittedly her share.
We reach the same result as the trial court, but for different reasons. The partial partition of community property is prohibited. Johnson v. Johnson, 473 So.2d 112 (La.App. 3d Cir.1985). However, we see room for a distinction between the partition of an asset, and the requirement that a spouse live on the income from her part of the community. See Morgan v. Morgan, 462 So.2d 897 (La.App 3d Cir. 1985); Smith v. Smith, 331 So.2d 611 (La. App. 1st Cir.1976), writ denied, 334 So.2d 435 (La.1976); and Perez v. Perez, 334 So.2d 719 (La.App. 4th Cir.1976), writ denied, 338 So.2d 700 (La.1976). It is admitted that Mrs. Edmiston’s half of the royalty checks would be sufficient for her maintenance, obviating Mr. Edmiston’s duty to pay alimony pendente lite.
In spite of this, we cannot escape the fact that Mr. Edmiston violated the court order of March 12, 1985. He unilaterally and without authority of court sought to create grounds for the termination of alimony. Thus, Mr. Edmiston disregarded the mandate of the court as to the management of the incoming revenues. But for his unilateral and extrajudicial actions, he would have no basis upon which to rest his request for termination of alimony. We cannot now grant judicial approval for his actions. Since the order requiring Mr. Edmiston to deposit jointly-issued checks into a joint account is still binding on Mr. Edmiston, his argument that his wife has been provided with an income is without merit.
For these reasons we affirm the judgment of the trial court. Costs of this appeal are assessed to the appellant.
AFFIRMED.

. The companion to this case is No. 86-107 on our docket and is captioned "Claire Maraist Edmiston v. Hardy F. Edmiston, Jr.” The issue on appeal is the same in both cases, namely, the question of termination of alimony pendente lite. Nevertheless, we affirm the judgment in No. 86-107 in a separate opinion rendered this day appearing at 502 So.2d 300 (La.App. 3d Cir.1987).