GULOTTA, Judge.
Defendant-wife appeals from a judgment in which the trial court declined to consider a transfer of custody matter for the *123 reason that, at the time of the trial, the child did not physically reside in the state, We reverse and remand.
Defendant-wife was granted custody of the minor child in separation proceedings in Jefferson Parish[1]. Subsequently, a divorce was obtained by the husband in Colorado. The Colorado decree is silent on custody. With the exception of a four-month period during which time the child resided with the maternal grandparents in New Iberia, Louisiana, the child remained in the physical custody of and resided with the wife in New Orleans.
Upon petition of the husband in Orleans Parish, a default judgment of custody of the minor child was granted to the husband on December 9, 1974. On the same date, the husband, armed with the custody judgment, took the child from Louisiana to his home in Denver, Colorado, where the child is presently residing. Upon motion for new trial by the wife, filed December 11, 1974, the trial judge in Orleans Parish, on January 21, 1975, granted a new trial.
On the date of the new trial, June 10, 1975, the trial judge, ex proprio motu, concluded that since the child was living and residing in Colorado, the Louisiana court was without jurisdiction to hear the custody matter. The trial judge then dismissed the rule for custody. After expressing his opinion that he was without jurisdiction to hear the custody matter, the trial judge permitted testimony to be taken and made a part of the record for consideration by him, in the event the matter was remanded.
According to the wife, when the plaintiff-husband sought custody in a Louisiana court, he submitted himself to the jurisdiction of that court. The wife points out that at the time the rule for custody was filed by the husband in Orleans Parish, the child resided with her in New Orleans.
The wife relies on LSA-C.C.P. art. 6 which provides, in pertinent part, as follows:
“Art. 6. Jurisdiction over the person
“Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:

“(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.”
Also relied on by the wife is LSA-C.C. P. art. 10(A) which provides:
“Art. 10. Jurisdiction over status
“A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
******
(5) A proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state
It is the wife’s position that when LSA-C.C.P. arts. 6 and 10 are read together, jurisdiction is conferred on the Louisiana court by the acquiescence of the husband in filing a rule for custody while the child resided in the state. We agree.
When the husband filed the petition for transfer of custody, he submitted himself to the jurisdiction of the Louisiana courts. See LSA-C.C.P. arts. 6, 7 and 10. Moreover, once jurisdiction has attached, jurisdiction cannot be defeated, in a custody case, by the removal of the child or children from the state of Louisiana. See Pattison v. Pattison, 208 So.2d 395 (La.App. 4th Cir. 1968), writ refused, 252 La. 168, 210 So.2d 52 (1968);[2] see also, Lu *124 kianoff v. Lukianoff, 166 La. 219, 116 So. 890 (1928); Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Graves v. Graves, 122 So.2d 350 (La.App.2d Cir. 1960). Accordingly, we conclude the trial judge erred when he, ex proprio motu, concluded the Louisiana court was deprived of jurisdiction to hear the transfer of custody matter.
Having so concluded, we are next confronted with the question of whether we are required to render judgment on the merits, or to remand the matter to the trial court for rendition of judgment on the custody question. In the recent case of Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), the trial court, after a jury trial, had dismissed plaintiff’s suit. The Court of Appeal, finding reversible error in the trial court’s refusal to grant a requested special jury charge, remanded the case to the trial court for a new trial. Our Supreme Court granted writs and reversed that portion of the Court of Appeal judgment which remanded the case to the district court for a new trial. In doing so, it indicated that when the entire record is before the appellate court, rather than remand the case to the trial court, judicial economy dictates that the Court of Appeal review the facts and render a decision.
In Gonzales, supra, unlike the instant case, the trial judge had passed on the merits of the matter. In the instant case, the trial judge, having concluded ex proprio motu that he had no jurisdiction to hear the case, did not render a judgment on the merits.
When a trial judge has not rendered a judgment, the appellate court has nothing before it for review. Under the circumstances, determination of the custody question in the appellate court would result in a usurpation of the responsibility of the trial judge by the appellate tribunal.
Accordingly, the ex proprio motu judgment of the trial court, decreeing that the Louisiana court is deprived of jurisdiction ratione personae over the husband to hear the petition for transfer of custody, is reversed and set aside. The matter is now remanded for a determination of the custody question on its merits, based upon the evidence heretofore elicited and for any additional evidence which the trial court might deem proper.

REVERSED, SET ASIDE AND REMANDED.

. No separation decree is included in the record ; however, the husband stated the wife was granted custody.

. Jurisdiction in Pattison was conferred upon the Louisiana court by plaintiff’s institution of suit for divorce. In the instant case, *124 jurisdiction attached in the Louisiana court by the former husband’s filing in Orleans Parish of a rule for a permanent change of custody. Certainly, this factual distinction does not alter our conclusion in the instant case.