352 So.2d 287 (1977)
Sammie Joseph DeFATTA, Jr., Plaintiff-Appellee.
v.
Marianne Farmer DeFATTA, Defendant-Appellant.
No. 13375.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
Rehearing Denied December 5, 1977.
*288 Wilkinson, Carmody & Peatross by Charles B. Peatross, Shreveport, for defendant-appellant.
Dale G. Cox, Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied December 5, 1977.
HALL, Judge.
Appellant, Marianne Farmer DeFatta, appeals from a judgment of the district court sustaining a declinatory exception of lack of jurisdiction filed by appellee, Sammie Joseph DeFatta, Jr., and dismissing her demands for alimony and child support made incidental to her action for a final divorce.
The issue on appeal is whether the court has jurisdiction over the person of the husband to render a judgment for permanent *289 alimony and child support in connection with a petition for final divorce and custody filed by the wife where the husband originally filed the separation suit but moved out of the state after the separation judgment was rendered and before the divorce petition was filed.
We hold that when a party initiates an action for separation from bed and board, thereby submitting himself to the exercise of jurisdiction over him personally by the court, the court's jurisdiction over the person is not divested by the party's moving from this state, but continues throughout the pendency of the proceeding to the judgment of divorce as to all facets of the proceeding, including all matters incidental to the separation and divorce such as custody, child support and alimony, pendente lite and permanent.
The appellee-husband filed suit against the appellant-wife in January, 1976, seeking a separation from bed and board on the grounds of cruel treatment and abandonment. Appellee's petition asked that the determination of custody of the three minor children born of the marriage be deferred until the final divorce. The appellant filed an answer in the nature of a general denial and did not ask for custody, alimony or child support.
After trial, judgment was rendered granting the separation as prayed for. The separation judgment, pursuant to the agreement of the parties, deferred the matter of custody "until a divorce hearing in these proceedings"; however, appellee was ordered to pay to appellant $150 per month for the support of their minor daughter as long as she lived with the mother. Appellee was also ordered to pay as alimony the monthly mortgage payment on the family home until such time as the home is sold. At the time of the separation judgment the two sons were living with the appellee and the daughter was living with the appellant.
Subsequently, appellee was transferred to Houston, Texas by his employer. The sons returned to live with their mother.
In February, 1977, appellant filed a motion to increase child support for the minor daughter and to obtain child support pendente lite for the support of the two sons. An attorney was appointed to represent the nonresident appellee, his original attorney of record having withdrawn as counsel. Judgment was rendered increasing the amount of the support for the daughter from $150 per month to $200 per month, but support was denied for the two sons because there was no judgment awarding their custody to appellant.
Later in February, 1977, appellant filed a rule to show cause why she should not be awarded the legal custody of the three minor children and be granted child support and alimony during the pendency of the suit. Service of the rule was made on the attorney previously appointed to represent the nonresident appellee. The appellee's court-appointed attorney filed a declinatory exception of lack of jurisdiction over the person of the appellee. At the hearing, judgment was rendered awarding appellant custody of the three children, but sustaining the declinatory exception of lack of personal jurisdiction and refusing alimony and child support for the two sons.
In March, 1977, appellant filed a petition for a final divorce alleging that more than one year and sixty days had transpired since appellee obtained a decree of separation, and seeking permanent custody of the three children, permanent alimony for herself, and permanent support for the three children. Service of process was made on the attorney previously appointed to represent the nonresident appellee. The attorney filed an exception to the jurisdiction of the court alleging that since appellee was a resident of the State of Texas, the court was without authority to render any money judgment against him. After hearing, judgment was signed on May 2, 1977, sustaining appellee's exception to the jurisdiction on appellant's claim for permanent alimony and child support. Judgment of divorce granting permanent custody of the three minor children to appellant was signed on May 11, 1977. Appellant perfected an appeal.
*290 Appellee has filed a motion to dismiss the appeal based on the fact that appellant's motion for appeal referred to a judgment of March 4, 1977, as to which a new trial was denied on May 2, 1977, which judgment denied alimony and child support pendente lite. Appellee contends that matters relating to alimony and child support pendente lite were merged into or abated by the judgment of final divorce and have become moot and the judgment relating thereto is unappealable. It is clear from the record and subsequent filings made by the appellant in response to the motion to dismiss that it was appellant's intention to appeal from the final judgment of May 2, 1977, sustaining plaintiff's exception to the jurisdiction and denying appellant's claim for permanent child support and alimony. The inadvertent reference to the March 4 judgment should not defeat appellant's appeal from the May 2 judgment. Appellee's motion to dismiss is overruled.
Upon the jurisdictional issue, appellant contends essentially that an action for separation and a subsequent action for divorce based on the separation and nonreconciliation is one continuous proceeding and that the court's jurisdiction over the person, once attached, cannot be divested by a party's moving out of the state. Appellee contends that the action for separation and the action for divorce, and the incidents of each, are entirely separate and distinct actions, and that the court had no jurisdiction over the person of the nonresident appellee in the divorce action and could not render a personal judgment against him for child support or alimony in that proceeding.
Jurisdiction is the legal power and authority of the court to hear and determine an action or proceeding involving the legal relations of the parties and to grant the relief to which they are entitled. LSA-C. C.P. Art. 1. Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon: (1) service of process on the defendant or his agent for the service of process; (2) service of process on an attorney at law appointed to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this State; or (3) the submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto. LSA-C.C.P. Art. 6. Under jurisdiction over status a court which is otherwise competent under the laws of this State has jurisdiction of a proceeding to obtain the legal custody of a minor if the minor is domiciled in or is in this State. It also has jurisdiction of an action of divorce or of separation from bed and board if one or both of the spouses are domiciled in this State and, except as otherwise provided for by law, the grounds therefore were committed or occurred in this State, or while the matrimonial domicile was in this State. LSA-C.C.P. Art. 10.
The court's jurisdiction over status, that is, its legal power and authority to render a judgment of separation, divorce and custody, is not questioned in this case. However, a judgment for alimony or child support is a personal judgment and the court has legal authority and power to render such a judgment only if it has jurisdiction over the person of the party against whom judgment is sought. Imperial v. Hardy, 302 So.2d 5 (La.1974); de Lavergne v. de Lavergne, 244 So.2d 698 (La.App. 4th Cir. 1971), writ refused 258 La. 357, 246 So.2d 680 (1971); Broussard v. Domingue, 146 So.2d 445 (La.App. 3d Cir. 1962). Jurisdiction over the person can only be obtained in the manner provided in Article 6.[1] It is *291 clear that appellee submitted himself to the exercise of jurisdiction over him personally by the court under Article 6(3) when he filed the action for separation from bed and board.
One who has invoked the jurisdiction of the court to secure an alleged right cannot afterward deny its jurisdiction over his person. Dawson v. Frazar, 150 La. 203, 90 So. 570, 572 (1921); Iddle v. Hamler Boiler & Tank Co., 132 La. 476, 61 So. 532 (1913); Lawson v. Opelousas, G. & N. E. R. Co., 129 La. 649, 56 So. 625 (1911); Phillips v. W. T. Adams Mach. Co., 52 La.Ann. 442, 27 So. 65 (1899); United States v. The Bank of the United States, 11 Rob. 418, 430 (1845); Michigan Trust Company v. Ferry, 228 U.S. 346, 353, 33 S.Ct. 550, 552, 57 L.Ed. 867, 874 (1913).
Where jurisdiction of the person or the res has once attached, it is not defeated by removal of the person or the res beyond the jurisdiction of the court. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321, 328 (1953); Wheeler v. Wheeler, 184 La. 689, 167 So. 191, 194 (1936); Bates v. Bates, 331 So.2d 122 (La.App. 4th Cir. 1976); Graves v. Graves, 122 So.2d 350, 353-354 (La.App. 2d Cir. 1960).
When a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of the court to bind him by every subsequent order in the cause. Imperial v. Hardy, supra.
According to the Articles of the Code of Civil Procedure, jurisdiction is the legal power or authority of the court to act in an "action" or "proceeding". These terms are broader than "cause of action". Multiple causes of action may be asserted in one action or proceeding. It presents no barrier to the court's continuing jurisdiction or to the continuing nature of the proceeding to say that the petition for divorce, permanent custody, alimony and child support constitutes a separate cause of action from the original petition for separation and its incidents. A proceeding for separation under LSA-C.C. Art. 138 and a divorce based on the separation under LSA-C.C. Art. 139 and LSA-R.S. 9:302 is essentially one continuous, ongoing proceeding. A separation action is not terminated until judgment of divorce. The Civil Code provides for custody and alimony pending the litigation. LSA-C.C. Arts. 146 and 148. The cases recognize that the litigation is pending until judgment of divorce. This illustrates the continuing nature of the action commenced by the filing of a petition for separation and concluded by the granting of a divorce. Since custody, alimony and child support judgments contained in a judgment of divorce are subject to modification, the jurisdiction of the court over the person of the party concerned as to those matters may continue indefinitely.
Two Supreme Court cases, while not dealing directly with the issues involved in this case, discuss the continuing nature of an action for separation and subsequent divorce based on the separation. In Butler v. Washington, 45 La.Ann. 279, 12 So. 356 (1893), the court held:
"In our Code, separation from bed and board, and divorce, are treated of under one and the same title, (Rev.Civil Code, art. 138 et seq.;) and article 139 declares that `married persons may claim reciprocally a divorce for the several causes enumerated in article 138; but except in the cases where the husband or wife may have been sentenced to an infamous punishment or convicted of adultery, no divorce shall be granted, unless judgment of separation from bed and board shall have been rendered between the parties, and one year shall have expired,' etc., (italics ours,) thus clearly evidencing the fact that such judgment of separation is merely a preparatory step to procuring a final divorce a vinculo matrimonii for any other causes than those enumerated in the exceptions just quoted. The two form parts and parcels of the same proceeding and suit; and, the defendant husband being a necessary party to the *292 second or supplementary proceeding for divorce, it would seem illogical as well as inequitable, to hold that substituted service is inefficacious to bring him into court, though an absentee, in the furtherance of justice, and the acquired jurisdiction of the court over the defendant personally quoad the original suit; the object aimed at being defeated if he could not be thus held amenable to the law of the state in which the contract of marriage was celebrated."
In Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890 (1928), the court stated:
"Act 25 of 1898 also confers upon plaintiff the right to obtain a judgment of absolute divorce in the separation proceeding instituted by her in the district court of Caddo parish . . .
"Even before the passage of Act 25 of 1898, it was held by this court in the year 1893 in Butler v. Washington, 45 La.Ann. 279, 12 So. 356, 19 L.R.A. 814, that a suit for an absolute divorce, based upon a judgment of separation from bed and board, was part and parcel of the same proceeding, and that, if the defendant was an absentee, substituted service might be invoked . . .
"It is well established as a general rule that, where the jurisdiction of the person or of the res has once attached, it is not defeated by a removal of the person or the res beyond the jurisdiction of the court. 15 C.J. 824; 7 R.C.L. 1045; U. S. v. Dawson, 15 How. 467, 14 L.Ed. 775; Lofton v. Collins, 117 Ga. 434, 43 S.E. 708, 61 L.R.A. 150; McSherry v. McSherry, 113 Md. 395, 77 A. 653, 140 Am.St.Rep. 426 [428].
"We are of the opinion that the district court of Caddo parish was vested with jurisdiction to grant plaintiff a divorce a vinculo matrimonii."
Appellee argues that the separate and distinct nature of a separation action and a divorce action is illustrated by the cases holding that a separation judgment and its incidental judgments for alimony and child support pendente lite are abated by and merge into a judgment of final divorce. Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956). Contrary to this argument, the Thornton line of cases illustrates the close connection between separation and divorce. If the two were entirely separate, distinct and unrelated actions, judgment in one would not necessarily affect judgment in the other. Abatement of or merging of the separation judgment into the divorce judgment supports the concept that the litigation begins with the separation petition and ends with the judgment of divorce.
Particularly as to pendente lite and permanent custody and child support, the issues and cause of action are basically the same although one is asserted incidental to a separation action and the other incidental to a divorce action. The Codal basis for the cause of action is the same, that is, the parental obligation to support minor children. The interest of the state in continuing jurisdiction is strong. Numerous cases have found continuing jurisdiction in custody and child support proceedings under varying circumstances. See Imperial v. Hardy, supra; Bates, supra; Rice v. Kliebert, 330 So.2d 374 (La.App. 4th Cir. 1976); Heaton v. Garvin, 314 So.2d 363 (La.App. 3d Cir. 1975); Owen v. Owen, 306 So.2d 895 (La.App. 2d Cir. 1975); Anthony v. Anthony, 288 So.2d 694 (La.App. 4th Cir. 1974); Cannon v. Cannon, 242 So.2d 291 (La.App. 4th Cir. 1970); Carpenter v. Carpenter, 240 So.2d 13 (La.App. 2d Cir. 1970); Dupre v. Guillory, 216 So.2d 327 (La.App. 3d Cir. 1968); Pattison v. Pattison, 208 So.2d 395 (La.App. 4th Cir. 1968), writ refused 252 La. 168, 210 So.2d 52 (1968). See also Odom v. Odom, 345 So.2d 1154 (La.1977). Compare Smith v. Smith, 289 So.2d 271 (La.App. 1st Cir. 1974) and Smith v. Smith, 257 So.2d 446 (La.App. 1st Cir. 1972).
Perez v. Perez, 334 So.2d 719 (La.App. 4th Cir. 1976), cited by appellee, while stating that separation and divorce actions are separate causes of action, is authority only for the narrow procedural holding that a petition for divorce is not a supplemental petition requiring a court order permitting its filing.
*293 An additional factor in the instant case supporting continuing personal jurisdiction in the child support matter is that determination of custody was expressly deferred by the separation judgment, to be determined at the time of the divorce hearing, pursuant to the prayer of appellee and agreement of the parties to that effect. Thus, appellee expressly submitted himself to the exercise of the court's jurisdiction and, in effect, waived any objections he might have to the jurisdiction of the court in regard to custody (and necessarily child support connected therewith) through the time of granting the final divorce. The action in this respect remained viable and undetermined and jurisdiction continued until its final determination.
Since the court had continuing jurisdiction over the person of the appellee, the appointment of an attorney to represent him and service of process on the attorney was proper under the provisions of LSA-C. C.P. Art. 5091.
Although the judgment sustaining the exception to the jurisdiction was erroneous both as to the claims for permanent (post-divorce) alimony and child support, it should be noted that appellant is not entitled to alimony for herself, her fault having been conclusively determined in the separation proceeding. LSA-C.C. Art. 160; Fulmer v. Fulmer, 301 So.2d 622 (La.1974).
The judgment of the district court sustaining the declinatory exception to the jurisdiction of the court is reversed and set aside and the exception is overruled. This cause is remanded to the First Judicial District Court for further proceedings in accordance with law and consistent with this opinion. Costs of this appeal are assessed to the appellee. The assessment of all other costs, including the fee of the attorney appointed to represent the appellee, shall await the termination of the litigation.
Reversed and remanded.
NOTES
[1] The Louisiana "Long-Arm" Statute, LSA-R.S. 13:3201, et seq., provides an additional method of establishing jurisdiction over the person of a nonresident as to certain enumerated causes of action. Act 734 of 1977, effective September 9, 1977, amended Section 3201 to permit the exercise of personal jurisdiction over a nonresident as to a cause of action arising from the nonresident's "non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the non-resident formerly resided in this state." The statute, as amended, is not applicable to this case because service of process was not effected in accordance with the statute and because the 1977 amendment did not go into effect until after judgment was rendered.