BOUTALL, Judge.
Plaintiff-appellant Michael Nertavich, having been domiciled in Louisiana for over one year, sued for divorce from his nonresident wife Carmella on the grounds of living separate and apart for one year. In his petition for divorce plaintiff also prayed that support in the amount of $100 per week be granted to the defendant wife, and that she be awarded custody of their minor child. A judgment of divorce was granted to plaintiff husband in accordance with all the particulars of his prayer, nonetheless he has appealed.
It is a rather puzzling occurrence when a party appeals from a judgment granting him exactly what he petitioned for.' From what we can glean from his brief, plaintiff-appellant has raised issues of lack of subject matter jurisdiction, lack of personal jurisdiction, and excessiveness of the child support and alimony award. We find the errors raised on appeal to be wholly without merit.
It is clear that the trial court had subject matter jurisdiction to hear this ac *516 tion by virtue of C.C.P. Article 10(A)(7), (B) and La.R.S. 9:301.
Similarly the court had personal jurisdiction over both the husband and the wife. Plaintiff-husband affirmatively invoked the jurisdiction of the courts of this state by filing for divorce in Louisiana. The defendant wife waived any exception to the trial court’s personal jurisdiction over her in this action when she made a general appearance through her attorney.
Additionally, since there was personal jurisdiction over the husband in the divorce action, it follows that the trial court was empowered to render a money judgment against him. Imperial v. Hardy, 302 So.2d 5 (La.1974), DeFatta v. DeFatta, 352 So.2d 287 (La.App. 2nd Cir.1977).
As to the excessiveness of the child support and alimony judgment rendered against appellant, we find that it was not an abuse of discretion for the trial court to award Carmella Nertavich $50 per week for alimony and $50 per week child support.
Appellant has leave to return to the trial court at any time to seek a modification of the award upon proof of changed circumstances of either party. This is the proper avenue of relief for appellant. This appeal is clearly frivolous. For the foregoing reasons the judgment of the District Court is affirmed.
AFFIRMED.