710 So.2d 1157 (1998)
Diana M. WHITTENBERG
v.
James E. WHITTENBERG.
No. 97 CA 1424.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*1158 Thomas B. Waterman, Ponchatoula, for Plaintiff-Appellee Diana M. Whittenberg.
Robert A. Liptak, Walker, for Defendant-Appellant James E. Whittenberg.
Before CARTER, LeBLANC, FITZSIMMONS and GUIDRY, JJ., and CHIASSON,[1] J. Pro Tem.
REMY CHIASSON, Judge Pro Tem.
The defendant father, James E. Whittenberg, appeals an adverse judgment denying his motion for a change in custody and his motion for contempt by his former wife, Diana Miller Whittenberg Adams (Mrs. Adams), for failure to abide by the judgment allowing him telephone communication with his children. Finding the trial court lacked jurisdiction, we vacate the judgment.
The parties agree that the facts as stated by appellant in his brief are correct. The parties were married in 1985. The wife filed a petition for separation in 1990. On November 13, 1990, Mrs. Adams was awarded provisional custody of the three minor children subject to visitation rights of Mr. Whittenberg. A petition for divorce was filed on January 24, 1991. By judgment read and signed on June 18, 1991, Mr. Whittenberg was to have visitation "via long distance telephone" at his own expense. [It is also undisputed that the children have lived in California with the mother for about seven years.] The judgment of divorce was read and signed on August 6, 1991, and continued the previous orders of the court. By judgment read and signed on September 17, 1991, joint custody was awarded, with Mrs. Adams being designated as the primary custodial parent. On May 26, 1995, Mrs. Adams filed a rule for sole custody and an increase in child support, but later dismissed the custody rule. On July 18, 1996, and November 8, 1996, Mr. Whittenberg filed the motion for change of custody and the motion for contempt which form the basis of this appeal.

SUBJECT MATTER JURISDICTION
A court's subject matter jurisdiction is an issue that cannot be waived or conferred by the consent of the parties. Cf. LSA-C.C.P. art. 925. The issue addresses the court's authority to adjudicate the cause before it. The issue may be raised at any time, even by the court on its own motion, at any stage of an action. See Tran v. Schwegmann's Giant Super Market, 609 So.2d 887 (La.App. 4th Cir.1992), and cases cited therein. A judgment rendered by a court without subject matter jurisdiction is void. LSA-C.C.P. art. 3; Counts v. Bracken, 494 So.2d 1275 (La.App. 2d Cir.1986). A reviewing court can question subject matter jurisdiction even if an exception of lack of subject matter jurisdiction has been overruled by the trial court and is not being urged on appeal. See Gravois v. Travelers Indemnity Co., 173 So.2d 550 (La.App. 1st Cir.), writ denied, 247 La. 1016, 175 So.2d 301 (1965). In Renno v. Evans, 580 So.2d 945 (La.App. 2d Cir.1991), the court noted that it is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. Therefore, although neither of the parties has challenged Louisiana's jurisdiction in the instance case, we notice on our own motion the want of the lower court's subject matter jurisdiction.
Obviously, in the instant case, the lower court and both parties proceeded with this matter under the theory that the rule of continuing jurisdiction applied. However, in *1159 Odom v. Odom, 345 So.2d 1154 (La.1977), the Louisiana Supreme Court noted a split among the circuit courts concerning continuing jurisdiction; the court resolved the issue consistently with this court's previous holding in Stewart v. Stewart, 233 So.2d 305 (La.App. 1st Cir.1970), that jurisdiction of the district court was lacking to modify a previous judgment of custody when the children resided with the custodial parent in another state.
In Odom, 345 So.2d at 1155, the court stated that when the parent with legal custody and the children are neither present nor domiciled in this state, "Louisiana's responsibility for the welfare of such a child is remote, and its interest is, at most, vicarious and conditional because of the presence in the state of the parent who does not have custody.... There are no compelling reasons for Louisiana courts to attempt to exercise `continuing jurisdiction' over the status of the absent children...." The court held that the legislature intended to grant jurisdiction only if the minor is present in the state or is domiciled here and that when the primary custodial parent and the children are neither present nor domiciled in this state, there are no compelling reasons for Louisiana courts to attempt to exercise continuing jurisdiction. Although the Odom case predated Louisiana's adoption of the UCCJA, the rationale remains valid.
One primary purpose of the uniform law is to promote the resolution of custody disputes by the forum deemed most likely to have the maximum amount of relevant information about the case. Under the statute's directive, we examine whether Louisiana is the proper forum to entertain the father's motion to change custody. See Martin v. Martin, 545 So.2d 666 (La.App. 5th Cir. 1989).
The jurisdictional instances in which a Louisiana court is empowered to make a custody determination by initial or modification decree are set forth in LSA-R.S. 13:1702, as follows:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
B. Except under Paragraphs (3) and (4) of Subsection A, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
C. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
Of the four, only "home state" and "significant connection" are pertinent here. A Louisiana court has jurisdiction to adjudicate custody issues if it is the home state of the child at the commencement of the custody proceeding *1160 or has been the child's home state within six months previous to the proceeding. Obviously, California is the children's home state in the instant case.
An alternative basis which would support Louisiana's jurisdiction over the custody dispute is "significant connection" with this state. LSA-R.S. 13:1702(A)(2). This criterion provides a "best interest" basis for jurisdiction when Louisiana has a legitimate concern as to custody and has superior access to evidence concerning the child's care, training, well being and personal relationships. See Revere v. Revere, 389 So.2d 1277 (La.1980). The record in the instant case belies the existence of any significant connections with Louisiana. Although the father resides in this state, the mother and the children, as well as the two witnesses who testified concerning the mother's alleged unfitness, all reside in California. Indeed, the father went to the expense of bringing the two witnesses to Louisiana to testify in the hearing of his motion for change of custody. These facts fly in the face of the purpose of the Uniform Law.
Accordingly, we vacate the judgment of the trial court, and we cast each of the parties for half of the costs of this appeal.
JUDGMENT VACATED.
FITZSIMMONS, J., dissents and assigns reasons.
FITZSIMMONS, J., dissenting with reasons.
I respectfully dissent. I do not agree that the UCCJA confers subject matter jurisdiction. The UCCJA is merely the legislature's limit on existing jurisdiction and its mechanism for disputes over continuing jurisdiction. Thus, the parties were free to consent to continuing jurisdiction. In Odom, the absent parent had not consented to continuing jurisdiction.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.