| .BYRNES, Judge.
We grant relator’s writ application in order to review a ruling by the trial court that it has continuing jurisdiction over a child support matter after 'the parents and the child are no longer residents of this state.
The relator, Christiaan Wydooghe is the father of the minor, and the respondent, Ghristiane Martzell, is the mother. The parties entered into a consent judgment on February 17, 1994 (when the respondent and the minor resided in Louisiana), agreeing to the continuing jurisdiction of the Civil District Court for the Parish of Orleans at a time. The relator resides in Canada and has never resided in Louisiana. Respondent acknowledges that she has since married and moved with the minor to Florida. In February of 1999, respondent filed in Civil District Court a' rule for contempt and a motion to increase child support. The relator filed an excep *954 tion of jurisdiction which was denied by the trial court. The relator seeks to invoke the supervisory powers of this court to reverse the trial court’s denial of his exception.
|Jn his “Reasons For Judgment and Judgment” the trial judge found that the “requirements to deprive this Court of jurisdiction” under LSA-Ch.C. art. 1302.5 had not been met. As continuing jurisdiction does not exist under LSA-Ch.C. art. 1302.5 A(l), because none of the parties reside in Louisiana, we necessarily infer that the trial judge must have found that jurisdiction continues under LSA-Ch.C. art. 1302.5 A(2) because the parties have not “filed written consent with the tribunal of this state for a tribunal of another state to modify the order and to assume continuing, exclusive jurisdiction.”
LSA-Ch.C. art. 1302.5 A(l) and (2) pose a problem in statutory construction because there is no clear indication whether the two paragraphs should be read con-junctively or disjunctively. There is no “and” or “or” or “either” to guide us. In other words, under the LSA-Ch.C. art. 1302.5 A do the courts of this State retain continuing jurisdiction over child support orders until all parties no longer reside in Louisiana and a written consent for an out of state tribunal is filed in Louisiana, or is it sufficent that only one of these requirements be met?
In favor of a disjunctive reading, we note that it could be argued that once the parents and the minor no longer reside in Louisiana, Louisiana has no further interest in the matter. See Odom v. Odom, 345 So.2d 1154, 1155 (La.1977). On the other hand, where, as in the instant case, the finding of a new tribunal creates potential new problems that could have a detrimental impact on the minor, a conjunctive interpretation has some appeal.
However, we note from the trial court’s written reasons that there appears to be a pending rule to modify child support payments filed by relator prior to the time the respondent left Louisiana. We find simply that where there is a pending child support rule, the jurisdiction of the courts of Louisiana continues over the question of child support in spite of a transfer of residence by the parties. ^Therefore, it is not necessary to resolve the ambiguity in LSA-Ch.C. art. 1302 A at this time.
Accordingly, on the showing made, we grant relator’s application but deny relief.
WRIT GRANTED; RELIEF DENIED.