28 So.3d 257 (2010)
WEST JEFFERSON MEDICAL CENTER STAFF, through Jonathan C. BORASKI, M.D., K. Barton Farris, M.D., Pablo J. Labadie, M.D., and David C. Treen Jr.
v.
STATE of Louisiana and The Louisiana Department of Health & Hospitals.
No. 2009-CC-1365.
Supreme Court of Louisiana.
February 26, 2010.
*258 PER CURIAM.[*]
Plaintiffs filed the instant suit in the 24th Judicial District Court for the Parish of Jefferson against the State of Louisiana and the Louisiana Department of Health and Hospitals (collectively referred to hereinafter as "State"). Essentially, plaintiffs, who identified themselves as "three hundred and eighty-one (381) Louisiana licensed physicians who treat individuals at West Jefferson Medical Center," alleged that the closure of Charity Hospital following Hurricane Katrina caused them to suffer certain economic losses resulting from an increased demand for medical care by the indigent and uninsured.
In response, the State filed various exceptions, including exceptions of no cause of action, lack of subject matter jurisdiction, improper venue, no right of action, failure to join an indispensable party, and lack of procedural capacity. The district court denied these exceptions, and the State sought supervisory review. The court of appeal denied writs.
The State then sought writs in this court. We granted the writ and remanded the case to the court of appeal for briefing, argument, and opinion. West Jefferson Medical Center Staff v. State of Louisiana, 08-1045 (La.8/29/08), 989 So.2d 86. On remand, the court of appeal granted the State's exception of lack of indispensable party, but denied the writ in all other respects. The State now seeks relief in this court.
At the time the court of appeal rendered its disposition, it did not have the benefit of our opinion in LeBlanc v. Thomas, 08-2869 (La.10/20/09), 23 So.3d 241, which may have a bearing on the venue issues raised in this case. Therefore, considering this issue only, we find it necessary to remand the case to the court of appeal for reconsideration of the State's venue exception in light of LeBlanc.
At this time, we are not addressing the merits of the State's remaining exceptions. However, nothing in this order shall preclude the court of appeal from reconsidering other aspects of the case, as appropriate. In particular, we note an appellate court may address the issue of subject matter jurisdiction, even if this issue is not properly raised by the parties. See Whittenberg v. Whittenberg, 97-1424 at p. 3 (La.App. 1st Cir.4/8/98), 710 So.2d 1157, 1158 ("it is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants").

*259 DECREE
For the reasons assigned, the writ is granted. The case is remanded to the court of appeal for further proceedings consistent with this opinion.
WEIMER, J., would grant and docket.
NOTES
[*] Chief Justice Kimball not participating in this opinion.