Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,112-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| DELTA SOUTHERN RAILROAD, INC. | Plaintiff-Appellee |
| versus | |
| LAKE PROVIDENCE PORT COMMISSION, WYLY GILFOIL, MARK BUNTYN, ROGER CLEMENT, JERRY KING, FRANCIS LENSING, KARVAN POWELL, AND JAMES THOM, IV. | Defendants-Appellants |

* * * * *

Appealed from the
Sixth Judicial District Court for the
Parish of East Carroll, Louisiana
Trial Court No. 23,740

Honorable James Hugh Boddie, Jr. (*Ad Hoc*), Judge

* * * * *

| | |
|---|---|
| BISHOP, PAXTON, CRIGLER AND MOBERLEY, APLC By: John Durham Crigler, Jr. | Counsel for Defendants-Appellants |
| LEAKE & ANDERSSON, LLP. By: Alex P. Tilling     Leila A. D'Aquin     Edward T. Hayes | Counsel for Plaintiff-Appellee |

GENTRY LOCKE ATTORNEYS
By: John M. Scheib

\* \* \* \* \*

Before STONE, HUNTER, and ELLENDER, JJ.

**HUNTER, J.**

Defendants, the Lake Providence Port Commission, and its commissioners in their official capacities, Wyly Gilfoil, Mark Buntyn, Roger Clement, Jerry King, Francis Lensing, Karvan Powell, and James Thom, IV, appeal a district court's decision issuing a writ of quo warranto filed by plaintiff, Delta Southern Railroad, Inc. For the following reasons, we affirm.

## FACTS

The Lake Providence Port Commission was created by the Louisiana Legislature, through the enactment of La. R.S. 34:1501, *et seq*., and is authorized to "exercise the powers herein conferred upon it, within the port area, consisting of the entire parish of East Carroll as the boundaries and limits of said parish are presently fixed by law." La. R.S. 34:1503(A). Defendant, Wyly Gilfoil, is the director of the Lake Providence Port Commission, and defendants, Mark Buntyn, Roger Clement, Jerry King, Francis Lensing, Karvan Powell, and James Thom, IV, are commissioners.[1] All defendants – the Lake Providence Port Commission, the director, and the commissioners – will be referred to collectively as "the Commission."

Plaintiff, Delta Southern Railroad, Inc. ("DSRR"), is a railroad company which operates and maintains two branches of rail line in the State of Louisiana. The Lake Providence Branch of the DSRR line extends through East Carroll and Madison Parishes, and the Sterlington Branch is located in Ouachita Parish. This matter pertains to the Lake Providence Branch.

---

[1] The director and commissioners were named in the lawsuit in their official capacities only.

In 2019, the United States Department of Transportation awarded a grant to a partnership composed, in part, of DSRR and the Commission. According to the Commission, the purpose of the grant was to reconstruct the rail corridor between McGehee, Arkansas and Tallulah, Louisiana. A dispute arose between DSRR and the Commission when DSRR allegedly declined to use the grant funding to reconstruct the 20-mile segment of rail line between the Lake Providence Port and the Madison Parish Port. Thereafter, the Commission sought to purchase the segment of rail line and filed a federal feeder line application with the Surface Transportation Board ("STB"). In its application, the Commission expressed its intent to purchase the rail line, which included sections located in Madison Parish.

On March 4, 2024, DSRR filed a petition for writ of quo warranto, alleging the Commission could not "exercise authority outside of the jurisdictional limits expressly set by the Legislature when it created the [Commission]." DSRR also asserted the Commission exceeded its authority "by attempting to acquire the Line through its application to the STB because the Line lies outside East Carroll," and the Commission "is not empowered to take, own, or operate entities or assets outside of East Carroll." Further, DSRR alleged the Commission engaged in an *ultra vires* act by attempting the purchase property outside of its territorial limits, and the Commission lacked the authority to pursue the STB application under Louisiana law.[2] Following a hearing, the district court granted the writ of quo warranto and ordered "the Lake Providence Port Commission [to] cease

---

[2] DSRR also sought a writ of mandamus asking the court to direct the Commission to limit its authority "to matters arising within East Carroll Parish." The district denied the writ of mandamus. DSRR did not appeal the denial, and that portion of the judgment is not at issue in this appeal.

2

its *ultra vires* actions and discontinue its pursuit of ownership or control of property outside of East Carroll Parish in its feeder line application before the United States Surface Transportation, STB Docket No. FD 36447."[3]

The Commission appeals.

## DISCUSSION

For the first time on appeal, the Commission questions the trial court's authority to adjudicate the writ of quo warranto. Because subject matter jurisdiction may be raised at any time, we must examine the issue.[4] The Commission contends the district court erred in issuing the writ of quo warranto. It argues the writ of quo warranto applies only to "an individual to show by what authority he claims or holds public office, or office in a corporation or limited liability company, or directing a corporation or limited liability company to show by what authority it exercises certain powers." La. C.C.P. art. 3901. According to the Commission, it is a political subdivision, not a corporation or limited liability company. The

---

[3] DSRR asserts the STB has stayed the Commission's feeder line application pending the finality of the district court's judgment.

[4] Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. arts. 3 and 925; *Boudreaux v. State, Dep't of Transp. & Dev.*, 01-1329 (La. 2/26/02), 815 So. 2d 7. *See also Whittenberg v. Whittenberg*, 97-1424 (La. App. 1 Cir. 4/8/98), 710 So. 2d 1157; *Johnson v. Vinson Guard Service, Inc.*, 577 So. 2d 56 (La. App. 1 Cir. 1990), *writ denied*, 578 So. 2d 915 (La. 1991).

The issue of subject matter jurisdiction addresses the court's authority to adjudicate the cause before it; the issue may be considered at any time, even by the court on its own motion, at any stage of an action. *Boudreaux*, *supra*; *Whittenberg*, *supra*. Moreover, it is the duty of a court to examine subject matter jurisdiction *sua sponte*, even when the issue is not raised by the litigants. *Boudreaux*, *supra*; *Renno v. Evans*, 580 So. 2d 945 (La. App. 2 Cir. 1991).

3

Commission further asserts the issue of whether the district court exceeded its authority in issuing the writ of quo warranto is a matter of subject matter jurisdiction, which can be raised at any time.

Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation or limited liability company, or directing a corporation or limited liability company to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers. La. C.C.P. art. 3901. A writ of quo warranto orders the defendant to show by what authority he or she is acting. *See* La. C.C.P. art. 3901, comment (e).

Port Commissions are political subdivisions of the State. See, *Cohort Energy Co. v. Caddo-Bossier Pars. Port Comm'n*, 37,449 (La. App. 2 Cir. 8/20/03), 852 So. 2d 1174. "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. La. Const. art. 6, § 44. In *Cohort Energy Co. v. Caddo-Bossier Pars. Port Comm'n*, *supra*, this Court stated:

> [T]he Port Commission is clearly a juridical person possessing the same attributes of personality of most corporations. The Port Commission consists of nine members who act as a single body. The Port Commission is granted by La. R.S. 31:3160 various attributes of personality, among them the power to enter contracts, sell property, purchase property, enter service agreements and numerous other powers as a *corpus* in order to fulfill its purpose of regulating commerce and traffic on the river.
> ***

*Id*. at 1185.

As stated above, the Commission maintains it is exempt from a writ of quo warranto because it is not an individual claiming to hold public office or

an office within a corporation. We agree the Commission is not a private corporation or an "individual claiming to hold public office." However, the Commission is a juridical person created by the legislature for the purpose of administering specified affairs of government.

As stated above, quo warranto is a writ directing an individual, *i.e.*, the Commission, to show by what authority it exercises certain powers. We find a pro warranto proceeding is appropriate for the instant action. The Commission claims to have the authority to purchase the Lake Providence Branch of railway, and in the quo warranto proceeding, it is incumbent upon the Commission to show by what authority it is acting. Accordingly, we find the district court had subject matter jurisdiction over these proceedings. This assignment of error is without merit.

The Commission also contends the district court erred in finding La. R.S. 34:1503 limits it to East Carroll Parish only. It argues the district court relied solely on the language set forth in La. R.S. 34:1503(A), rather than reviewing the entire statute. According to the Commission, it has the authority to acquire rail-related property in any parish in Northeast Louisiana in which such rail-related properties would support operations of the Lake Providence Port. The Commission maintains R.S. 34:1503(C) authorizes it to acquire rail-related properties outside East Carroll Parish, including "the surrounding areas served by the Port, and throughout Northeast Louisiana and Southeast Arkansas." The Commission further argues La. R.S. 34:1504 authorizes it to impose ad valorem taxes "on all property situated within the port area, subject to taxation" and to "incur debts for its lawful purposes, and to issue in its name, negotiable bonds." Additionally, the Commission asserts La. R.S. 34:1506 authorizes it to

5

"acquire by expropriation, in accordance with expropriation laws of the State of Louisiana, any wharves, landings, or any other property necessary for the benefit and advantage of the commerce of the said commission." *See also*, 49 U.S.C. § 10907.[5]

La. Const. art. VI, § 43 provides:

All deep-water port commissions and all deep-water port, harbor, and terminal districts as organized and constituted on January 1, 1974, including their powers and functions, structure and organization, and territorial jurisdiction, are ratified and confirmed and shall continue to exist, except that

(1) The legislature by law may grant additional powers and functions to any such commission or district and may create new port commissions or port, harbor, and terminal districts.

(2) Only by law enacted by the favorable vote of two-thirds of the elected members of each house, may the legislature consolidate or abolish any such commission or district or diminish, reduce, or withdraw from any such commission or district any of its powers and functions and affect the structure and organization, distribution, and redistribution of the powers and functions of any such commission or district, including additions to or reductions of its territorial jurisdiction.

(3) The legislature shall enact laws with respect to the membership of the commissions provided in this Section. Once the law with respect to membership is enacted, it may be changed only by law enacted by the favorable vote of two-thirds of the elected members of each house.

The rights and powers of the Lake Providence Port Commission are set forth in La. R.S. 34:1503, which provides, in relevant part:

A. The commission shall exercise the powers herein conferred upon it, within the port area, consisting of the entire parish of East Carroll as the boundaries and limits of said parish are presently fixed by law.

\*\*\*

C. The commission shall regulate the commerce, and traffic, within such port area in such a manner as may, in its judgment, be for the best interests of the state. It \*\*\* shall have authority

---

[5] 49 U.S.C. § 10907 pertains to railroad development and the requirements for the sale/purchase of railroad lines. It does not pertain to the jurisdiction/authority of port commissions.

*** to construct, own, operate and maintain terminal rail facilities, and other common carrier rail facilities for the purpose of rendering rail transportation to and from the facilities to be erected, owned and operated by the commission in both intrastate and interstate commerce. The legislature may confer additional powers upon the commission not inconsistent with the provisions hereof; provided, however, that it shall not impair any contracts lawfully entered into by the commission. Title to all property and improvements thereon operated by the commission shall vest in the state of Louisiana.

*** 

La. R.S. 34:1504 provides, in pertinent part:

A. The commission shall have authority, when authorized so to do by a vote of a majority in number and amount of the property of taxpayers of the port area qualified to vote at an election for the purpose and in accordance with law, to levy annually on all property situated within the port area, subject to taxation, an ad valorem tax not to exceed seven and one-half mills on the dollar[.]. *** These special taxes shall be levied, assessed and collected on the property within the port area under the same methods, terms and conditions and at the same time as state and parish taxes are levied, assessed and collected; these taxes shall be secured by the same liens upon the property subject to taxation within the port area as taxes for state and parish purposes; and the property subject to any taxes within said port area shall be sold for failure to pay the same in the manner as property is sold for delinquent state, parish and other taxes under the laws of the state.

*** 

C. The commission, with the approval of the State Bond Commission, is authorized to incur debts for its lawful purposes, and to issue in its name, negotiable bonds or notes therefor, and to pledge for the payment of the principal and interest of such negotiable bonds or notes the revenues derived from the operation of properties and facilities maintained and operated by it, or received by the commission from any taxes authorized under this Section or from other sources[.] *** In addition to the pledge of revenues to secure said bonds and notes, the commission may further secure their payment by conventional mortgage upon any or all of the properties constructed or acquired, or to be constructed and acquired by it. The commission is further authorized to receive, by gift, grant, donation or otherwise, any sum of money, aid or assistance from the United States, the state of Louisiana, or any political subdivision thereof, and unless otherwise provided by the terms of such gift, grant or donation, in its discretion, to pledge all or any part of such monies for the further securing of the payment of the principal and interest of its bonds or notes.

Further, La. R.S. 34:1506 provides:

7

The Lake Providence Port Commission may acquire by expropriation in accordance with expropriation laws of the state of Louisiana, any wharves, landings or any other property necessary for the benefit and advantage of the commerce of the said commission.

The function of statutory interpretation and the construction given to legislative acts rests with the judicial branch of the government. The rules of statutory construction are designed to ascertain and enforce the intent of the Legislature. Legislation is the solemn expression of legislative will and, thus, the interpretation of legislation is primarily the search for the legislative intent. *Gloria's Ranch, L.L.C. v. Tauren Expl., Inc.*, 17-1518 (La. 6/27/18), 252 So. 3d 431; *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371 (La. 7/1/08), 998 So. 2d 16

The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. *Id.* Moreover, the words of a law must be given their generally prevailing meaning. La. Civ. Code art. 11.

Furthermore, any political subdivision of the state has only such powers as are expressly delegated to it by the state through statutory enactments. *See Horseshoe Ent. v. Bossier Par. Police Jury*, 30,502 (La. App. 2 Cir. 6/26/98), 714 So. 2d 920, 924, *writ denied*, 98-1941 (La. 11/6/98), 728 So. 2d 392; *Johnston v. Morehouse Par. Police Jury*, 424 So. 2d 1053 (La. App. 2 Cir. 1982).

There is no dispute the Commission has the authority to "to construct, own, operate and maintain terminal rail facilities, and other common carrier

8

rail facilities for the purpose of rendering rail transportation to and from the facilities to be erected, owned and operated by the commission in both intrastate and interstate commerce." La. R.S. 34:1503(C). The Commission is also authorized to levy taxes, pursuant to § 1504, and to acquire properties, pursuant to § 1506. However, these express legislative authorizations do not extend the Commission's authority beyond the geographical limitation set forth in R.S. 34:1503(A). La. R.S. 34:1503(A) clearly and unambiguously provides, "The commission shall exercise the powers herein conferred upon it, *within the port area, consisting of the entire parish of East Carroll* as the boundaries and limits of said parish are presently fixed by law." (Emphasis added).

Despite the Commission's arguments to the contrary, the legislature has not enlarged the Commission's jurisdictional territory beyond East Carroll Parish. The authority to enlarge the territorial limits of the Commission is within the purview of the legislature. Consequently, we find the district court did not err in issuing a writ of quo warranto ordering the Commission to discontinue its pursuit of ownership and control of property situated outside of East Carroll Parish.

## CONCLUSION

For the reasons set forth herein, the district court's judgment issuing the writ of quo warranto is affirmed. Costs of the proceedings have been borne by appellants, the Lake Providence Port Commission, Wyly Gilfoil, Mark Buntyn, Roger Clement, Jerry King, Francis Lensing, Karvan Powell, and James Thom, IV.

**AFFIRMED.**

9